**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action No.

**ROBERT F. URBANO,** 05 1480 MLW
    **Plaintiff**    )
              )
**v.**              )
              )
**AQUA INVESTMENTS, LLC**  )
**And ITS PRINCIPALS,**    )
    **Defendants.**        )

RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 7/13/05

**DEFENDANTS' NOTICE OF REMOVAL**

MAGISTRATE JUDGE _____

The Defendant hereby removes the within action from the Commonwealth of

Massachusetts Northeast Housing Court to the United States District Court for the

District of Massachusetts, pursuant to 28 U.S.C. §§ 1331, 1441 (a), (b), and 1446 (a).  As

grounds for the removal of this action, the Defendant states as follows:

1.  The Plaintiff commenced a civil action in the Commonwealth of Massachusetts

    Northeast Housing Court on or about June 27, 2005, captioned *Robert F. Urbano*

    *v. AQUA Investments, LLC and Its Principals*.

2.  Service of the Summons and Complaint was purportedly made on the Defendant

    on or after June 27, 2005.

3.  The Plaintiff's Complaint alleges that the Defendant failed to warn the Plaintiff

    about the existence of lead-based paint within rental premises, make requested

    repairs to the rental premises, and cure various other alleged defects.

1

4. The Plaintiff claims that the alleged conduct violated the Massachusetts General

   Laws and the Federal Residential Lead-Based Paint Hazard Reduction Act,

   codified at 42 U.S.C. § 4852d.

5. This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §

   1331 as the Plaintiff alleges violations of the Laws of the United States.

Attached hereto, pursuant to 28 U.S.C. § 1446 (a), are copies of the Summons and

Complaint with which the Defendant was served in this matter.

> Respectfully submitted,
> Aqua Investments, LLC
> And Its Principals
> By their attorney,

Dated: July _l_l_, 2005

> Todd J. Bennett
> BBO# 643185
> Corrigan, Bennett & Belfort, P.C.
> 404 Main Street, Suite One
> Wilmington, MA 01887
> (978) 988-1544

## CERTIFICATE OF SERVICE

I, Todd J. Bennett, counsel to the Defendants, hereby certify that I served a true copy of
the foregoing this date via first-class mail upon Robert F. Urbano, Plaintiff *pro se*, P.O.
Box 164, Rockport, MA 01966.

Todd J. Bennett

Dated: July _l_l_, 2005

2

## COMMONWEALTH OF MASSACHUSETTS
## NORTHEAST HOUSING COURT

ROBERT F. URBANO,        ESSEX: SS
    Plaintiff,

CASE NO: _____

vs        COMPLAINT VIOLATIONS
           OF STATE AND FEDERAL
           HOUSING LAWS AND
           OF TENANTS RIGHTS

AQUA INVESTMENTS LLC,
& IT'S PRINCIPALS,        DEMAND JURY TRIAL
    Defendants.

Commonwealth of Massachusetts.

5.    Aqua Investments LLC and Principals were and are doing business at 27 Water St in Wakefield MA 01880 in the Commonwealth of Massachusetts.


## STATEMENT OF FACTS

6.    On 4/3/05 Plaintiff occupied Unit 8 at 8 Flume Road in Gloucester MA 01930 owned by Defendants/Landlords.    Laura Lampas, the on-site representative of Defendants/Landlords, showed Plaintiff the aforesaid apartment (Par. 4 supra). However, she presented no rental documents to be signed and did not refer to any state or federal landlord/tenant law or regulation.  She stated solely that Frank Pashuto is the owner of the instant property through Aqua Investments LLC  at 27 Water Street in Wakefield, MA 01880.

7.    When Plaintiff/Tenant complained of conditions materially affecting his peace, health and enjoyment of the apartment, i.e. no

water in the kitchen, no telephone jack for computers, no telephone etc., Mr. Pashuto sent workmen or arrived with them to remedy the foregoing defects of water and jack. However, Mr. Pashuto was unaware of no telephone dial tone or of any additional problem. As a real estate broker Plaintiff advised Mr. Pashuto that upon listing rental property any competent real estate broker will inspect the property in order to determine whether everything for the comfort and enjoyment of the prospective tenant is functional. Subsequently, the broker advises every prospective tenant prior to signing a lease or taking occupancy of all relevant state and federal law and regulation governing rentals and has them sign relevant documents, i.e. lead paint notification.

8.  It is critical for a real estate broker to have a working telephone at home for calls and computers since customers customarily call brokers at home and brokers call customers from home.  Mr. Pashuto was and is aware that Plaintiff/Tenant was and is associated

with C21 North Shore in Gloucester MA 01930. Plaintiff was without a home phone until 5/18/05. (Ex.1-2) No dial tone for emergency calls left Plaintiff/Tenant's well-being in jeopardy.

9. Mr. Pashuto nor anyone associated with him has ever referred to any rental law or regulation except to say that a lease would be signed. In more than 30 days Plaintiff/Tenant has not seen a lease nor any other rental form mandated by State and Federal law and regulation. The only information received was Mr. Pashuto's cell phone number and his Company address to forward rental checks.

10. Plaintiff/Tenant advised Mr. Pashuto by letter first-class postage prepaid (missing date 5/23/05) (Ex. 1-2) that his painters had painted over and plugged TV jack and an outlet, the thermostat functions only at 80 degrees and that the air conditioner electric cord does not reach any outlet - weather in June 2005 has at times been unseasonably hot for an ill tenant. No written reply or repair.

11. None of the Defendants/Landlords mentioned nuisances

associated with the instant apartment and at the time of day of Plaintiff/Tenant's inspection in the late afternoon none of the nuisances were apparent: A day care center is immediately under the apartment window with 10-15 children in full cry, The tenant in the apartment above has a dog left at home alone during the day that often scratches and barks loudly and continuously or at any time including late at night and it sounds as though the said tenant has installed a bowling alley. Further, Plaintiff/Tenant has been without access to television since Defendants/Landlords have not corrected the TV jack plugged by their painters despite promise to do so. The building, apparently without insulation, makes every sound clear. (see Chapter 13 of the City of Gloucester ordinances) Plaintiff did not confront Defendants of these nuisances after Defendant Pashuto stated that he did not want any more letters from Plaintiff following prior letters. (Exs 1-3)

12. By first-class postage prepaid in a letter (Ex. 3) Plaintiff/Tenant

suggested to Defendants/Landlords that in view of numerous problems in the apartment and illegal rental practices, that the first month's rent be forgiven or that Plaintiff/Tenant would give thirty days notice and would use the last-month rent deposit for June 2005 rent. Further, that due to Defendants/Landlords "* * *failure to comply with legal terms for renting my apartment* * *" forcing Plaintiff/Tenant to consider vacating the apartment "* * * I expect to be reimbursed for moving expenses." (Ex. 3) Plaintiff/Tenant has not had a written response to these nor any complaint or demand.

13.    Defendants/Landlords' cavalier disregard for tenants' rights contrary to state and federal law and regulation and failure to give a written response to written complaints and demands has given Plaintiff/Tenant no choice but to remain in the apartment and bring the instant civil action on his and incidentally all other tenants behalf.    Defendants/Landlords are totally ignorant of state and federal law and regulation and determined not to be apprised of

same. (Ex. 3) As the foregoing paragraphs make apparent, quiet enjoyment of said apartment is impossible.

## STATEMENT OF LAW

15. Each and all of the acts of Defendants/Landlords, their officers, agents, employees and servants were executed under color and pretense of statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts and of the United States of America.

16.  Defendants/Landlords had ample opportunity prior to legal action to remedy through Plaintiff/Tenant or any other advisor their ignorance of  state and federal law and regulation pertaining to rentals. (Ex. 3) They chose to wallow in their ignorance. 940 CMR 3.17(l)(b) & 3.17(lXi) Whelihan v.Markowski, 37 Mass. App. Ct. 209, 638 NE2d 927 (1994)

17.  Defendants/Landlords did not notify (Ex. 4-5) Plaintiff/Tenant

of the possible presence of lead paint in a property constructed in 1970 (Ex. 10) or before 1978, mandating lead paint notification by state law MGL Part I Title XVI c. 111 sec. 197A, Part III Title III c. 239 sec. 8A and federal law Title X sec. 1018 42 USC sec. 4852d.. (see also Exs 4-5 & 12-13) Neither was Plaintiff/Tenant provided with a Tenant Certification Form. (Ex. 11) Lead Paint law applies to <u>all</u> tenants "* * *whether or not they have a child under six or not.* * *" (Ex. 4-5 emphasis supplied) Adults suffer lead paint poisoning. (Ex. 7) Plaintiff is suffering kidney failure possibly due to lead paint poisoning in his prior residence - now in Federal Court. Defendants/Landlords provided no information regarding lead paint. Non-complying landlords penalties can be severe. (Exs 8-9)

18. Contrary to MGL c. 186 sec. 14 & the Massachusetts Attorney General states in 940 CMR 3.17 sec.1(a)(i) that it is an unfair or deceptive act that Defendants/Landlords did not furnish on

occupancy cold water, proper heat, functioning air conditioner or

telephone service etc. (see Pars 7-11 supra) but:

> "* * * required by law or by express or implied
> terms of any contract or lease or tenancy at will
> to furnish* * *at any time when the same is ne-
> cessary to the proper or customary use of such
> building or part thereof* * *or any lessor or land-
> lord who directly or indirectly interferes with the
> quiet enjoyment of any residential premises by the
> occupant* * *shall be punished by a fine of not
> less than twenty-five dollars nor more than three
> hundred dollars, or by imprisonment for not more
> than six months. Any person who commits any
> act in violation of this section shall <u>also</u> be liable
> for actual and consequential damages or <u>three months
> rent, whichever is greater* * *all of which may be
> applied in setoff to or in recoupment against any
> claim for rent owed or owing.* * *</u>" (emphasis
> supplied) See Lawrence v. Osuagwu, et al. 57 Mass.
> App. Ct. 60 (2002) & Part III Title III c. 239 sec. 8A.

The Defendants/Landlords are violating the implied warranty of

habitability. Doe v. New Bedford Hous. Authy., 417 Mass. 273. 281

(1994) & Javins v. First Natl. Realty Corp., 428 F2d 1071, 1074

(DC Cir.), cert. denied, 400 US 925(1970) Further, there is no legal

requirement in Massachusetts for a tenant to place withheld rent in any form of escrow account.

19.  According to Houseman's Housing Code Checklist Sanitary Code Section: (bostonabcd,org/houseman/checklist.htm and see Housing Code Checklist chapter II:

> "Under the state sanitary code the following viola-
> tions are considered conditions that may "materially
> endanger" the health of you and your family.  If you
> or the local board of health has notified your land-
> lord of these violations, you may legally withold (sic)
> all or a portion of your rent."

> "Conditions That Must Be Fixed Within 5 Days:
> Any defect in electrical, plumbing or heating
> system that violates "generally accepted standards'
> but does not create an immediate hazard. 410.75(o)(3)

> "The owner shall provide* * *unless and to the
> extent the occupant is required to provide fuel
> for the operation of the (hot water) facilities under
> written letting agreement.* * *" 410.190

> "Heating equipment must be maintained in good
> working order. 410.351

## FIRST CAUSE OF ACTION
### DEFENDANTS HAVE VIOLATED EVERY STATE AND FEDERAL LAW AND REGULATION

23. The allegations contained in prior paragraphs are incorporated herein by reference, the same as though pleaded in full.

24. Despite being apprised of their total failure to follow landlord/tenant state and federal law and regulation as to rentals, Defendants/Landlords have willfully ignored all advice.

## SECOND CAUSE OF ACTION
### DEFENDANTS INTENTIONALLY INFLICTED EXTREME EMOTIONAL DISTRESS ON PLAINTIFF/TENANT AND ENDANGERED HIS HEALTH AND WELL-BEING

25. The allegations contained in prior paragraphs are incorporated herein by reference, the same as though pleaded in full.

26. The negligent and willful failure of Defendants/Landlords to correct conditions in the said apartment either prior to occupancy or subsequent thereto, contrary to all state and federal landlord/tenant law, has caused and is causing Plaintiff/Tenant extreme physical and

mental distress as well as being a continuing danger to his health and well-being.

### THIRD CAUSE OF ACTION
### PLAINTIFF/TENANT HAS BEEN AND IS DEPRIVED
### OF PEACEFUL ENJOYMENT OF HIS APARTMENT

27. The allegations contained in prior paragraphs are incorporated herein by reference, the same as though pleaded in full.

28. Defendants/Landlords failed to advise of nuisances, i.e. lack of insulation making every sound from other apartments clear and disturbing, a day-care center directly under the window and a dog in the above apartment that is left alone during the weekdays barking and scratching continuously day and night, etc. MGL 93A applies.

### FOURTH CAUSE OF ACTION
### PLAINTIFF/TENANT HAS PAID FOR AN APARTMENT
### THAT DOES NOT CONFORM TO ACCEPTED STANDARDS
### AND HE SHOULD BE REIMBURSED

29. The allegations contained in prior paragraphs are incorporated

herein by reference, the same as though pleaded in full.

30. Defendants/Landlords have rented an apartment that does not comply with any accepted standards of habitability under state or federal law and regulation. Consequently, Plaintiff/Tenant has not received the least satisfaction for his expenditures and should be reimbursed for two months rent and subsequent months if the conditions are not corrected. as well as moving expense. Plaintiff/Tenant has paid for heat and electricity although Defendants /Landlords, lacking a written agreement (Par. 19), must pay for heat and electricity.

## PRAYER FOR RELIEF

31. Because of Defendants/Landlords willful violations of state and federal landlord/tenant law, Plaintiff/Tenant at 83 years of age - suffering from kidney failure and treatment - has been afflicted with great pain of mind and body and other damages. Therefore,

> "Landlord must provide and pay for heat unless there
> is a written agreement requiring tenants to pay for
> heat. 410.201& 410.255"

20. The Defendants/Landlords failed to comply with the Attorney

General's General Regulations as to an unfair or deceptive act 940

CMR 3.17 sec 3(b) or any provision of MGL c. 186 sec.

15B(d)&(2a) regulating last-month rent deposit nor did they provide

receipts for first or last month or any other receipt. Consequently,

Plaintiff assumed that the deposit was Last-Month but it could be a

security deposit? In any event Defendants /Landlords are subject to

three times the amount of the last-month rent deposit. see Par 18

supra & Casterholz v, Caira, 21 Mass. App. Ct. 758, 490 NE 2d

494 (1986)

21. Plaintiff/Tenant advised Defendants/Landlords (Ex. 1-3 & Par.

11 supra & see 940CMR 3.17 sec. 1) of conditions materially

affecting the tenant's peaceful enjoyment of said apartment.

Plaintiff/Tenant suggested that the first month's rent be forgiven,

assuming incorrectly that the onerous conditions would be fixed, and if forced to move again due to said conditions, he should be reimbursed for moving expense. No written response. Since the aforementioned defects have not been fixed, Plaintiff contends that both first and second month's rent and moving expense - if Plaintiff/Tenant is forced to move - be reimbursed to Plaintiff. MGL c. 239 Sec. 8A. Pursuant to MGL Part I Title XVI c. 111 sec. 127L it has been more than five days since Plaintiff/Tenant complained (Ex, 3) of the violations. Plaintiff/Tenant contends that the first and second month's rent have illegally collected and will apply the illegal rent to subsequent months of occupancy if conditions are corrected.

22. Defendants/Landlords have precluded Plaintiff-Tenant's peaceful enjoyment of the apartment. Defendants/Landlords have caused stress as well as endangerment as to the health and well-being of an 83-year-old tenant suffering from kidney failure.

Plaintiff seeks compensatory and punitive damages and all statutory or regulatory pecuniary awards to which he is entitled as well as expenses (i.e. see par. 18,19&21 etc. supra) and triple damages pursuant to MGL c. 93A sec. 12.

## DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands a trial by jury of all issues so triable in this cause of action.

Respectfully submitted,

Dated 6/27/05

Robert F. Urbano- Pro Se
PO Box 164 Rockport MA 01966
978-526-1519 or 978-283-1519

u6/2005 14:49 FAX 978 988 1545          CBB                    → BELFORT

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on 6/27/05 he caused a true and accurate copy of the above document to be served by first-class mail postage prepaid upon Defendants at their place of business, Aqua Investments LLC at 27 Water Street in Wakefield MA 01880.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| **ROBERT F. URBANO,** | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **AQUA INVESTMENTS, LLC** | ) |
| **And ITS PRINCIPALS,** | ) |
| **Defendants.** | ) |

## AFFIDAVIT OF FILING OF CERTIFIED COPY OF NOTICE OF REMOVAL

I, Todd J. Bennett, on oath depose and say that on July 11, 2005, I filed a certified copy of the Notice of Removal in the above matter with the Clerk of the Massachusetts Northeast Housing Court.

Subscribed and sworn under the pains and penalties of perjury this $\underline{//}^{n}$ day of July, 2005:

Todd J. Bennett

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____ Urbano v. Aqua Investments, LLC _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| ✓ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases |
| ☐ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court. _____

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　YES ☐　　NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　YES ☐　　NO ✓

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　YES ☐　　NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　YES ☐　　NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　YES ✓　　NO ☐

　　A.　　If yes, in which division do all of the non-governmental parties reside?

　　　　　Eastern Division ✓　　　　Central Division ☐　　　　Western Division ☐

　　B.　　If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

　　　　　Eastern Division ☐　　　　Central Division ☐　　　　Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　YES ☐　　NO ✓

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __ Todd J. Bennett _____

ADDRESS __ 404 Main Street, Suite One, Wilmington, MA 01887 _____

TELEPHONE NO. __ (978) 988-1544 _____

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBERT F. URBANO | AQUA INVESTMENTS, LLC and ITS PRINCIPALS |
| **(b)** County of Residence of First Listed Plaintiff    Essex<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known)<br>Todd J. Bennett; Corrigan, Bennett & Belfort, P.C.; 404 Main St.,<br>Suite One; Wilmington, MA 01887; BBO# 643185 |

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff<br>(For Diversity Cases Only)                    and One Box for Defendant) | | | |
|---|---|---|---|---|---|
| ❑ 1   U.S. Government<br>Plaintiff | ☒ 3   Federal Question<br>(U.S. Government Not a Party) | Citizen of This State | **PTF**  **DEF**<br>❑ 1    ❑ 1   Incorporated *or* Principal Place<br>of Business In This State | **PTF**  **DEF**<br>❑ 4    ❑ 4 | |
| ❑ 2   U.S. Government<br>Defendant | ❑ 4   Diversity<br>(Indicate Citizenship of Parties in Item III) | Citizen of Another State | ❑ 2    ❑ 2   Incorporated *and* Principal Place<br>of Business In Another State | ❑ 5    ❑ 5 | |
| | | Citizen or Subject of a<br>Foreign Country | ❑ 3    ❑ 3   Foreign Nation | ❑ 6    ❑ 6 | |

| IV. NATURE OF SUIT (Place an "X" in One Box Only) | | | | |
|---|---|---|---|---|
| **CONTRACT** | **TORTS** | | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |

| CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excl. Veterans)<br>❑ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product<br>    Liability<br>❑ 320 Assault, Libel &<br>    Slander<br>❑ 330 Federal Employers'<br>    Liability<br>❑ 340 Marine<br>❑ 345 Marine Product<br>    Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle<br>    Product Liability<br>❑ 360 Other Personal<br>    Injury | **PERSONAL INJURY**<br>❑ 362 Personal Injury -<br>    Med. Malpractice<br>❑ 365 Personal Injury -<br>    Product Liability<br>❑ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal<br>    Property Damage<br>❑ 385 Property Damage<br>    Product Liability | ❑ 610 Agriculture<br>❑ 620 Other Food & Drug<br>❑ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>❑ 630 Liquor Laws<br>❑ 640 R.R. & Truck<br>❑ 650 Airline Regs.<br>❑ 660 Occupational<br>    Safety/Health<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal<br>    28 USC 157<br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 840 Trademark | ❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 490 Cable/Sat TV<br>❑ 810 Selective Service<br>❑ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>❑ 710 Fair Labor Standards<br>    Act<br>❑ 720 Labor/Mgmt. Relations<br>❑ 730 Labor/Mgmt.Reporting<br>    & Disclosure Act<br>❑ 740 Railway Labor Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Empl. Ret. Inc.<br>    Security Act | **SOCIAL SECURITY**<br>❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>❑ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>❑ 871 IRS—Third Party<br>    26 USC 7609 | ❑ 875 Customer Challenge<br>    12 USC 3410<br>☒ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts<br>❑ 892 Economic Stabilization Act<br>❑ 893 Environmental Matters<br>❑ 894 Energy Allocation Act<br>❑ 895 Freedom of Information<br>    Act<br>❑ 900Appeal of Fee Determination<br>    Under Equal Access<br>    to Justice<br>❑ 950 Constitutionality of<br>    State Statutes |
| ❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | ❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/<br>    Accommodations<br>❑ 444 Welfare<br>❑ 445 Amer. w/Disabilities -<br>    Employment<br>❑ 446 Amer. w/Disabilities -<br>    Other<br>❑ 440 Other Civil Rights | ❑ 510 Motions to Vacate<br>    Sentence<br>**Habeas Corpus:**<br>❑ 530 General<br>❑ 535 Death Penalty<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition | | | |

| V. ORIGIN (Place an "X" in One Box Only) | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ❑ 1   Original<br>Proceeding | ☒ 2   Removed from<br>State Court | ❑ 3   Remanded from<br>Appellate Court | ❑ 4   Reinstated or<br>Reopened | ❑ 5   Transferred from<br>another district<br>(specify) | ❑ 6   Multidistrict<br>Litigation | ❑ 7   Judge from<br>Magistrate<br>Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
42 U.S.C. s. 4852d
Brief description of cause:
Plaintiff claims violations of lead paint notification statute.

| VII. REQUESTED IN<br>COMPLAINT: | ❑ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**    ☒ Yes    ❑ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>7/11/05 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|