UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| ROBERT F. URBANO,<br>    Plaintiff<br><br>v.<br><br>AQUA INVESTMENTS, LLC<br>And ITS PRINCIPALS,<br>    Defendants. | ) ) ) ) ) ) ) ) )    ANSWER AND COUNTERCLAIMS |

## ANSWER

### PRELIMINARY STATEMENT

1. Defendant denies there were any violations set forth in this paragraph.

### JURISDICTION

2. No response required.

### VENUE

3. No response required.

### THE PARTIES

4. Defendant admits the allegations in this paragraph.

5. Defendant admits that it is a limited liability company as registered with the Secretary of the Commonwealth. Defendant denies that Plaintiff may recover from any of Defendant's principals as set forth in this complaint.

### STATEMENT OF FACTS

6. Defendant admits that Plaintiff occupied Unit #8, 8 Flume Road, Gloucester/Magnolia, MA beginning in April, 2005. Defendant denies the remainder of this paragraph.

7. Defendant denies the allegations contained in this paragraph.

8. Defendant admits that Frank Pasciuto, Manager of Aqua Investments, LLC was aware Plaintiff was a real estate broker. Defendant denies the remainder of the allegations contained in this paragraph.

9. Defendant denies the allegations contained in this paragraph.

10. Defendant maintains that any issues relating to habitability or any other problems with the rental unit that were the landlord's responsibility were addressed and corrected immediately and/or within a reasonable time period.

11. Defendant denies the allegations contained in this paragraph.

12. Defendant denies that Plaintiff is entitled to any rental offset and maintains that any issues relating to habitability, quiet enjoyment or any other problems with the rental unit that were the landlord's responsibility were addressed and corrected immediately and/or within a reasonable time period. As such, Plaintiff is not entitled to any monies or moving expenses.

13. Defendant denies the allegations contained in this paragraph.

14. Paragraph 14 has been omitted from the Complaint.

## STATEMENT OF LAW

15. No response required.

16. Defendant denies the allegations contained in this paragraph.

17. Defendant denies the allegations contained in this paragraph.

18. Defendant denies the allegations contained in this paragraph.

19. No response required.

20. Defendant denies the allegations contained in this paragraph.

21. Defendant denies that Plaintiff is entitled to any rental offset and maintains that any issues relating to habitability, quiet enjoyment or any other problems with the rental unit that were the landlord's responsibility were addressed and corrected immediately and/or within a reasonable time period. As such, Plaintiff is not entitled to any monies from Defendant.

22. Defendant denies the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION-DEFENDANTS HAVE VIOLATED EVERY STATE AND FEDERAL LAW AND REGULATION

23. No response required.

24. Defendant denies the allegations contained in this paragraph.

SECOND CAUSE OF ACTION-DEFENDANTS INTENTIONALLY INFLICTED EXTREME (SIC) EMOTIONAL DISTRESS ON PLAINTIFF/TENANT AND ENDANGERED HIS HEALTH AND WELL-BEING

25. No response required.

26. Defendant denies the allegations contained in this paragraph.

THIRD CAUSE OF ACTION-PLAINTIFF/TENANT HAS BEEN AND IS DEPRIVED OF PEACEFUL ENJOYMENT OF HIS APARTMENT

27. No response required.

28. Defendant denies the allegations contained in this paragraph.

FOURTH CAUSE OF ACTION-PLAINTIFF/TENANT HAS PAID FOR AN APARTMENT THAT DOES NOT CONFORM TO ACCEPTED STANDARDS AND HE SHOULD BE REIMBURSED

29. No response required.

30. Defendant denies the allegations contained in this paragraph.

PRAYER FOR RELIEF

31. Defendant respectfully requests judgment in its favor on all counts of this Complaint, together with costs and attorney's fees where applicable, and all other such relief as this Court deems fair and just. Defendant demands a trial by jury on all counts so applicable.

**Affirmative Defenses**

First Affirmative Defense

Plaintiff failed to state a claim upon which relief may be granted pursuant to Mass. R. Civ. P. 12 (b)(6).

Second Affirmative Defense

Plaintiff's claims are barred because of unclean hands and/or bad faith.

3

### Third Affirmative Defense

Plaintiff's claims are barred by his own breach of contract.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

Plaintiff's claims are barred because of the doctrine of Res Judicata.

### Ninth Affirmative Defense

Plaintiff failed to mitigate his damages.

### Tenth Affirmative Defense

If Plaintiff did suffer any damages, said damages were caused by a party other than the Defendant.

### Eleventh Affirmative Defense

Plaintiff's claims are frivolous and/or malicious in violation of M.G.L. c.231, 6F

### Twelfth Affirmative Defense

Plaintiff is prohibited from recovering monies because of a release and/or an accord and satisfaction.

### Thirteenth Affirmative Defense

Plaintiff has failed to name the appropriate parties and/or has named incorrect parties to this litigation

### Fourteenth Affirmative Defense

Plaintiff's claims should be dismissed due to improper service

Fifteenth Affirmative Defense

Any defects in the premises were open and obvious

Sixteenth Affirmative Defense

Plaintiff failed to comply with the requirements of M.G.L. c.93A

Seventeenth Affirmative Defense

Plaintiff's actions were illegal, including but not limited to, violations of state and/or local ordinances by using the leased premises for commercial purposes.

Eighteenth Affirmative Defense

The alleged injuries of the Plaintiff were caused or contributed to by the negligence of the Plaintiff, and such negligence was greater than the total amount of negligence attributable to the Defendant.

**COUNTERCLAIMS**

COUNT I-BREACH OF CONTRACT

1. Aqua Investments, LLC (Aqua) is a domestic Massachusetts corporation with a principal place of business at 27 Water Street, Wakefield, MA 01880.

2. Robert Urbano (Urbano) is an individual residing at 8 Flume Road, Unit #8, Gloucester/Magnolia, MA.

3. Aqua is Urbano's landlord.

4. Urbano moved into the leased premises, 8 Flume Road, Unit #8, Gloucester/Magnolia, MA in April, 2005.

5. Urbano agreed to pay $675.00 per month to rent the leased premises.

6. Urbano failed to pay rent/use and occupancy for July, 2005 and thus owes Aqua $675.00.

COUNT II- QUANTUM MERUIT/UNJUST ENRICHMENT

7. Aqua realleges and restates paragraphs 1-6.

8. Urbano has been unjustly enriched by living in the leased premises without paying rent/use and occupancy.

5

9. Urbano had a reasonable expectation to pay Aqua $675.00 for July, 2005 rent/use and occupancy.

10. Urbano failed to pay Aqua $675.00 and Aqua was damaged.

WHEREFORE, Plaintiff, Aqua Investments, LLC, demands judgment against Robert Urbano in the amount of $675.00, together with interest, costs, and all other relief as this Court deems fair and just.

Aqua Investments, LLC demands a trial by jury on all counts so triable.

Respectfully submitted,

Todd J. Bennett, Esq.
Attorney for Aqua Investments, LLC
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite 1
Wilmington, MA 01887
(978) 988-1544
BBO# 643185

Dated: July 11, 2005

### Certificate of Service

I hereby certify that a true copy of the above document has been served this date by U.S. mail on this 11 day of July, 2005, upon the following party:

Robert F. Urbano
PO Box 164
Rockport, MA 01966

Todd J. Bennett, Esq.

6