UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. URBANO,
    Plaintiff,

05cv11480 MLW

vs

CA No: 05SP01651

AQUA INVESTMENTS LLC
& IT'S PRINCIPALS,
    Defendants.

REPLY

PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER

1. On July 11, 2005 Defendants filed an Answer to Plaintiff's Complaint with Notice of Removal from the Massachusetts Northeast Housing Court to this Court. Plaintiff files his Reply.

2. In sum, Defendants Answer is a blanket denial with boilerplate defenses which are frivolous and contrary to documented fact as well as contrary to Federal and Massachusetts Laws and Regulations and should be struck.

3. Plaintiff responds to Defendants' Answer denying each and every paragraph of the Complaint in sequential order:

a. Plaintiff's PRELIMINARY STATEMENT (Complaint Par. 1) Defendants deny all complaint allegations but do not document their compliance with lead paint notification or specify defenses to any other violation. Plaintiff contends that his uncontested, documented allegations with regard to Defendants violations of landlord/tenant law and regulation are jury issues.

b. Plaintiff's THE PARTIES (Complaint Par. 5) Defendants deny Plaintiff's right to recover damages from Aqua allegedly a limited liability company. Liability is a judicial determination.

c. Plaintiff's STATEMENT OF FACTS (Complaint Par. 6) What Laura Lampas, on-site manager for Defendants, did or did not say or do or not do may be found at trial by examination of this witness under oath..

d. Plaintiff's STATEMENT OF FACTS (Complaint Par. 7) Defendants deny that problems existed in the apartment or that Frank Pashuto was advised of said problems in order to make timely repairs. Plaintiff

has documented advising Frank Pashuto (Exs 1-3) Complaint) of problems (see 3(g) infra) and at trial he will be examined under oath.

e.  Plaintiff's STATEMENT OF FACTS (Complaint Par. 8) Defendants deny that Plaintiff was without a dial tone or phone from 4/29/05 to 5/18/05 for emergency or business. Plaintiff's contention is well-documented by Verizon; evidence to be presented at trial.

f.  Plaintiff's STATEMENT OF FACTS (Complaint Par. 9) Defendants deny that they did not give receipts or comply with Federal and State law and regulation but do not state time, place, date or tender documentary evidence of compliance. Defendants will have ample opportunity at trial to present evidence of compliance - if any.

g.  Plaintiff's STATEMENT OF FACTS (Complaint Par. 10) Defendants allege, without presenting evidence, that all problems with the apartment were addressed

in a timely manner. Defendants do not address why it was necessary for the Gloucester Health Dept after inspection on 6/27/05 or 2 months after occupancy to order documented problem (Complaint Exs 1-3) repair forthwith. (Ex. 1) Defendants will have ample opportunity to mount their defense at trial.

h. Plaintiff's STATEMENT OF FACTS (Complaint Par. 11) Whether nuisances set forth by Plaintiff exist and whether the tenant was informed of them is a jury issue.

i. Plaintiff's STATEMENT OF FACTS (Complaint Par. 12) Whether the apartment met or meets the standard of quiet enjoyment will be a jury question. Rental set offs and monetary remuneration for rent paid or moving expense, should Plaintiff be forced to move again due to Defendants actions, are jury questions. (see 3(g) supra)

j. Plaintiff's STATEMENT OF FACTS (Complaint Par. 13) Defendants do not explain why they willfully (see Complaint Exs 1-3) ignored Federal and State law and regulation if they were fully cognizant of the law? Defendants do not evidence written responses to Plaintiff's written complaints. (ibid)

k. Plaintiff's STATEMENT OF LAW (Complaint Par. 16) Defendants deny any opportunity to be apprised of Federal and State law and regulation (see 3(j) supra) which they were legally obligated to know prior to engaging in commerce. (see 3(j) supra)

l. Plaintiff's STATEMENT OF LAW (Complaint Par 17) Defendants contend without evidence that they complied with lead paint notification law and a Tenant Certification Form. (see 3(a) supra) To date, despite orders from the Gloucester Dept of Health (Ex.1) Defendants have not complied with Lead Paint Notification nor tendered to Plaintiff

    a Tenant Certification Form. Matters required legally prior to occupancy of a tenant.

m. Plaintiff's STATEMENT OF LAW (Complaint Par 18) Defendants deny the legal standards set forth by law and the Massachusetts Attorney General! A prime example of frivolous defense.(see 2 supra)

n. Plaintiff's STATEMENT OF LAW (Complaint Par. 20) Again (see 3(m) supra) Defendants take issue with legal precedent and the Massachusetts Atty General! Defendants do not clarify the last-month or Security Deposit question or set forth their compliance with MGL c. 186 sec. 15(d) &2(a) which now becomes a jury question.

o. Plaintiff's STATEMENT OF LAW (Complaint Par. 21) Defendants denials have been previously addressed. (see 3(a,d,e,i&g) supra)

p. Plaintiff's STATEMENT OF LAW (Complaint Par

    22) Quiet enjoyment has been addressed at 2(i) supra.

q. Plaintiff's STATEMENT OF LAW (Complaint Par 24) Defendants contend that they know the laws and regulation pertaining to rentals but fail to set forth why they ignored same? They also deny opportunity to be informed of same. (see 3(j) supra)

r. Plaintiff's STATEMENT OF LAW (Complaint Par. 26) That defendants deny that they failed to correct apartment problems was addressed. (see 3(a,d,e,g, &h) supra) That Plaintiff has suffered emotional distress and whether his health and well-being were endangered are jury questions,

s. Plaintiff's STATEMENT OF LAW (Complaint Par. 28) Defendants deny that a legal day-care center, exists next door, that the apartment building is not insulated and that a loud dog does not occupy the

apartment directly above Plaintiff's apartment. At trial Plaintiff will present his evidence and Defendants will have the opportunity to present contrary evidence since these are factual determinations.

    t. Plaintiff's STATEMENT OF LAW (Complaint Par 30) Defendants deny that the tenant's apartment on occupancy did not comply with federal and state law and regulation (see 3(e,g,h,i,l,n&s supra), Plaintiff should be reimbursed for said violations (see 3(i) supra) and Defendants are liable for electric bills (see Complaint Par. 19)

4. Defendants allege Affirmative Defenses which are largely frivolous and should be struck by this Court:

    a. Defendants First Affirmative Defense: Although Defendants have removed from State to the Federal Court, they cite MRCP 12(b)(6) and move for summary judgment or failure to state a claim upon which relief may be granted;

the State Court had jurisdiction prior to removal but if this Court allows this motion, Plaintiff will oppose pursuant to MRCP Rule 56. It is noted that Defendants do not "* * *include a short, concise statement of the grounds on which such defense is based." (MRCP Rule 12(b)

b. Defendants boilerplate Second thru Fourteenth Affirmative Defenses should be vacated by this Court as frivolous in that they fail to state viable affirmative defenses in this proceeding.

c. In Fifteenth Affirmative Defense Defendants admit that Plaintiff's apartment harbored defects whether or not the said defects actually "were open and obvious." If true Defendants should have been aware of said problems and repaired same prior to renting. It was not immediately apparent that the air conditioner was defunct and had to be replaced on order of the Gloucester

Public Health Dept (see 3(g) supra) is not debatable. Nuisances were not apparent nor obvious when Plaintiff viewed the apartment (see Complaint Par. 11) i.e. lack of water in the kitchen, lack of a telephone for nearly 3 weeks, lack of a TV jack due to a paint plug, etc. were not open or obvious and this does not excuse Defendants failure to repair.

d. In Sixteenth Affirmative Defense Defendants contend that Plaintiff did not comply with the requirements of MGL c. 93A. Plaintiff gave Defendants every opportunity to settle (see Complaint Exs 1-3) and as late as 7/19/05 at 9:15 AM Defendants through their Attorney requested Plaintiff's terms for settlement. Even though legally Defendants were obligated to offer settlement, Plaintiff offered but whether the offer was conveyed to Defendants is unknown

   since Defendants' Attorney abruptly declined.

   e. The Seventeenth Affirmative Defense contends that Plaintiff is using the leased premises for commercial purposes. Pursuant to local, state and federal regulations a home office is legal where the tenant does not receive clients or place a sign on the premises.

   f. Defendants Eighteenth Affirmative Defense sets forth no evidence and a frivolous defense should be vacated by this Court.

5. Defendants allege COUNTERCLAIMS AS FOLLOWS:

   a. COUNT I-BREACH OF CONTRACT & COUNT II-QUANTUM MERUIT/UNJUST ENRICHMENT

   Both counterclaims rest solely upon the faulty assertion that Plaintiff has not paid July 2005 rent for $675.00. By law MGL c. 186 sec. 15B(1)(c) no penalty until the rent payment is thirty (30) days past unless a lease states otherwise but no lease.

Rent is not 30-days past due. This is apart from the fact that Plaintiff may legally withhold his rent due to Defendants failure to make repairs and their numerous violations of federal and state landlord/tenant law and regulation. At best Defendants' contention is premature.

6.    Therefore, if this Court asserts jurisdiction pursuant to Defendants removal of this action from State Court, Plaintiff prays that these matters proceed to jury trial forthwith.

_[signature]_ Dated 7/24/05
Robert F. Urbano -Pro Se
PO Box 164 Rockport MA 01966
978-526-1519

CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on 7/24/05 a true copy of the within Reply was served on Defendant Aqua Investments LLC's Attorney Todd J. Bennett, Esq. at 404 Main St, Suite One Wilmington MA 01887. _[signature]_



Gloucester Board of health
Inspection Report
State Sanitary Code, Chapter II   105 CMR 410:000
Minimum Standards of Fitness for Human Habitation

Address:     8 Flume Road              Unit 8
Occupants :  Robert Urbano             Phone:
Owner:       Aqua Investments LLC      Phone:
Address:     27 Water Street
             Wakefield, MA 01880
Inspection:  June 27, 2005             Time: 1:00 PM
Conducted by: Chris Sargent

**410:000**           **Violations**                                    **Time to correct**

351           **Owner's Installation and Maintenance Responsibilities**       **7 Days**

     Unable to plug A/C into wall socket

     Electrical outlet has been painted over - needs repair

     Tenant states cable outlet and heating thermostat don't work.
     Need to check on these items

     **Property owner must provide tenant with documents**
     **regarding lead paint status.**                              **Immediately**

The time allotted to make these corrections is Thirty (30) days except where other wises specified from the receipt of the notice. One or more of the above violations may endanger or materially impair the health, safety and well-being of the occupants.

Signed and certified under the
pains and penalties of perjury

*Chris Sargent* (signature)

Chris Sargent
Sanitary Inspector

**Report received 7/11/05 & Defendant made repairs 7/14/05 but did not comply with service of lead paint notification as of 7/24/05.**