UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT F. URBANO,<br>Plaintiff<br><br>v.<br><br>AQUA INVESTMENTS, LLC<br>and ITS PRINCIPALS,<br>Defendants | CIVIL ACTION LTS<br>DOCKET NO. 05 CV 11480 MLW |

### DEFENDANT'S MOTION FOR A SPEEDY TRIAL

Now comes Aqua Investments, LLC, Defendant in the above-entitled action, and moves this Honorable Court to allow for a speedy trial of the within action. As grounds therefore, the Defendant states the following:

1. Defendant Robert F. Urbano (hereinafter "Urbano") is the tenant of Plaintiff, Aqua Investments, LLC (hereinafter "Aqua"). Urbano is a tenant at will and monthly rent is $675.00.

2. On or about June 27, 2005, Urbano filed a complaint in this Court against Aqua for alleged violations of state and federal housing laws. Aqua filed counterclaims against Urbano for recovery of rent owed. Aqua then removed the case to this Honorable Court on the basis of a federal question, which is now the within action.

3. Urbano has withheld rent since July, 2005, citing what Aqua believes to be insufficient grounds for withholding any rent, much less 100% of the monthly rent.

4. Aqua filed a summary process action (Docket No. 05SP01651) with the Massachusetts Northeast Housing Court relying on a document sent by Urbano that Aqua believed to be a notice of termination of the tenancy. In that action, Urbano filed

counterclaims against Aqua which were substantially the same claims Urbano made in his initial complaint which were removed to Federal court.

5.  The Housing Court dismissed Aqua's summary process complaint, finding that the document was not a proper notice of termination of the tenancy by Urbano. Also, the Housing Court later took no action relative to Urbano's counterclaims since the parties agreed these counterclaims were stated in the action already pending in U.S. District Court.

6.  On or about July 27, 2005, Aqua served Urbano with a new notice to quit for non-payment of rent for July, 2005. Urbano also failed to pay rent/use and occupancy for August, 2005, and Aqua filed a complaint for summary process against Urbano in the Massachusetts Northeast Housing Court.

7.  On August 23, 2005, the Housing Court stayed the summary process action on the grounds that the within action is pending in this Court involving the same parties and substantially the same issues. Aqua must now await the outcome of this case before receiving any money for rent despite the fact that Urbano continues to live in the premises.

8.  The Housing Court further refused to order Urbano escrow rent despite Aqua's request. Instead, the Housing Court told Aqua's attorney to ask this Honorable Court to collect the escrow payments.

9.  Because all action on the summary process case is stayed in the Massachusetts courts, Aqua is unable to mitigate its damages and is suffering irreparable harm. It is unable to evict Urbano, and it is unable to collect future payments for the premises illegally occupied by Urbano. The Massachusetts legislature has recognized that "[r]eal

estate constitutes unique property and that because it generates income, time lost in regaining it from a party in illegal possession can represent an irreplaceable loss to the owner." Uniform Summary Process Rules 1 comment, 2(c), 3, 5.

10. Massachusetts courts have also recognized the need to resolve quickly summary process actions to prevent further damage to the landlord. See Lawless-Mawhinney Motors, Inc. v. Mawhinney, 21 Mass.App.Ct. 738, 743 (1986)("Speedy completion of pleadings, expedited and limited discovery, an early litigation control conference, and assignment of an early trial date are among the devices which lessors and the courts may employ to avoid frustration of the legislative design of enabling real estate owners to oust an illegal possession with a modicum of speed."). In one Massachusetts case, it was acknowledged that "time is of the essence in eviction cases". Hodge v. Klug, 33 Mass.App.Ct. 746, 755 (1992). See also Com/Tech Communications Technologies, Inc. v. Wireless Data Systems, Inc., 163 F.3d 149(2nd Cir. 1998), which stated that summary process is supposed to be a quick and simple procedure.

11. In addition, the United States Supreme Court has made the following observation about the unique landlord/tenant relationship which requires courts to expedite eviction procedures:

> There are unique factual and legal characteristics of the landlord-tenant relationship that justify special statutory treatment inapplicable to other litigants. The tenant is, by definition, in possession of the property of the landlord; unless a judicially supervised mechanism is provided for what would otherwise be swift repossession by the landlord himself, the tenant would be able to deny the landlord rights of income incident to ownership by refusing to pay rent and by preventing sale or rental to someone else. Many expenses of the landlord continue to accrue whether a tenant pays his rent or not. Speedy adjudication is desirable to prevent subjecting the landlord to undeserved economic

loss ...Holding over by the tenant beyond the term of his agreement or holding over without payment of rent has proved a virulent source of friction and dispute. Lindsey v. Normet, 405 U.S. 56, 72 (1972).

12. If this Honorable Court allows a quick resolution of the within action, then Aqua will be able to proceed quickly with its summary process action in the Massachusetts Housing Court, which will prevent Aqua from incurring further financial damages and will be consistent with the goals contemplated by the Massachusetts legislature in drafting the summary process statute.

13. Furthermore, Plaintiff and Defendant have agreed upon a trial date in this matter of November 30, 2005, which will be reflected in the parties' Joint Statement Pursuant to Local Rule 16.1 when filed.

### REQUEST FOR ORAL ARGUMENT

Defendant requests a hearing on this motion.

WHEREFORE, the Defendant requests this Honorable Court to allow for a speedy resolution of the within case so that the Massachusetts Northeast Housing Court eviction case may proceed and to order whatever other relief this Court deems just.

Respectfully submitted,

Todd J. Bennett, Esq.
Attorney for Aqua Investments. LLC
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite 1
Wilmington, MA 01887
(978) 988-1544
BBO# 643185
tbennett@corbenbel.com

Dated: September 8, 2005

## Certificate of Service

I hereby certify that a true copy of the above document has been served this date by U.S. mail on this 9th day of September, 2005, upon the following party:

Robert F. Urbano, Pro Se
Unit 8
8 Flume Road
Gloucester, MA 01930

Todd J. Bennett, Esq.