UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT F. URBANO,<br>    Plaintiff<br><br>v.<br><br>AQUA INVESTMENTS, LLC<br>and ITS PRINCIPALS,<br>    Defendants | CIVIL ACTION<br>DOCKET NO. 05 CV 11480 MLW |

**AFFIDAVIT OF FRANK PASCIUTO, JR.
IN SUPPORT OF DEFENDANT'S
MOTION FOR PRELIMINARY INJUNCTION**

1. My name is Frank Pasciuto, Jr. I am the Manager of Aqua Investments, LLC ("Aqua"), the Defendant in this action.

2. On or about April, 2005, Aqua entered into a tenancy at will on behalf of Aqua Investments, LLC with the Plaintiff, Robert F. Urbano, for the rental of the premises at 8 Flume Road, Unit #8, Magnolia, Massachusetts.

3. Mr. Urbano agreed to pay the amount of $675 per month as rent. At the beginning of the lease, Mr. Urbano paid first and last month's rent. Aqua did not collect a security deposit.

4. The entire building, including Mr. Urbano's unit, was gutted and renovated just prior to his moving in. Most of the appliances and other items in the unit were brand new. There were no defects in the premises, and there is no lead paint.

5. Shortly after moving in, Mr. Urbano complained to Aqua of a problem with his telephone service. Aqua hired a third party to inspect the problem, and it was determined that it was a problem on the part of the telephone company, not any defect in the unit. I also called the telephone company, and they told me that they had previously spoken to Mr. Urbano and that he was belligerent with them when they tried to explain the situation to them.

6. Mr. Urbano also complained that his television jack did not work. I personally responded to this complaint. Mr. Urbano has arthritis and could not put the television into the jack. I helped him do this and he thanked me.

7. Mr. Urbano complained of a problem with his thermostat. Aqua installed new thermostats in the unit prior to Mr. Urbano moving in. I discovered that Mr. Urbano had turned off the electrical breakers to the unit so I turned them back on and there was no problem with the thermostat.

8.  Mr. Urbano complained that he could not open his mailbox. I discovered the problem was that the box was overstuffed with mail, and it was immediately rectified.

9.  The premises do not contain lead paint and did not contain lead paint when Mr. Urbano moved in. An inspection of the unit was performed in September of 1994, prior to the purchase of the building by Aqua, and the unit was in compliance with Massachusetts regulations. The unit was inspected again on August 22, 2005, and again, the unit and the building were in compliance with the lead paint laws. Please see Exhibit "A", attached hereto.

10. Mr. Urbano also claims that Aqua did not comply with the requirements of the security deposit law. However, Aqua did not take a security deposit from Mr. Urbano. In fact, it is the policy of Aqua Investments, LLC not to take security deposits from its tenants.

11. Aqua has not received any rental/use and occupancy payments from Mr. Urbano since July of 2005.

12. Through its attorney, Aqua filed a summary process action in the Massachusetts Northeast Housing Court to evict Mr. Urbano for non-payment of rent.

13. Mr. Urbano filed a motion to dismiss and/or transfer the eviction case to the U.S. Federal District Court. I attended the hearing on Mr. Urbano's motion to dismiss and/or transfer the case to Federal court.

14. At that hearing, the eviction case was stayed by the Housing Court pending the result of the within Federal case. Despite a request, the Housing Court would not order Mr. Urbano to pay rent/use and occupancy either to the Court Clerk or to my attorney to be held in escrow.

15. Aqua is unable to re-rent the property and Aqua is not receiving rent from Mr. Urbano.

16. Without monthly rent, Aqua Investments, LLC is unable to pay the expenses associated with the rental property.

Signed under the pains and penalties of perjury this 8TH day of September, 2005.

_____
Frank Pasciuto, Jr.,
Manager of Aqua Investments, LLC