UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT F. URBANO,<br>    Plaintiff<br><br>v.<br><br>AQUA INVESTMENTS, LLC<br>and ITS PRINCIPALS,<br>    Defendants | CIVIL ACTION<br>DOCKET NO. 05 CV 11480 MLW |

### DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION TO ORDER PLAINTIFF TO ESCROW RENT

Now comes Aqua Investments, LLC, Defendant in the above-entitled action, and moves this Honorable Court pursuant to Fed.R.Civ.Pro. 65 to issue a preliminary injunction ordering the Plaintiff to pay rent to the Clerk to be held in escrow during the pendency of these proceedings.

In ruling on a preliminary injunction motion, a district court must ask whether the moving party has established that (1) it has a substantial likelihood of success on the merits, (2) there exists, absent the injunction, a significant risk of irreparable harm, (3) the balance of hardships tilts in its favor, and (4) granting the injunction will not negatively affect the public interest. See, e.g., Hypertherm, Inc. v. Precision Prods., Inc., 832 F.2d 697, 699 n.2 (1st Cir. 1987). When deciding a preliminary injunction motion, the district court's findings need not be overly detailed, and they do not bind the court in subsequent proceedings. See Aoude v. Mobil Oil Corp., 862 F.2d 890, 895 (1st Cir. 1988)

## THERE EXISTS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

### BRIEF BACKGROUND

On or about June 27, 2005, Plaintiff, Robert F. Urbano (Urbano), filed a complaint in the Massachusetts Northeast Housing Court against Aqua Investments, LLC (Aqua) for alleged violations of state and federal housing laws as well as issues relating to habitability. Aqua removed the case to U.S. District Court for the District of Massachusetts on or about July 13, 2005 on the basis of a federal question.

Urbano is the tenant and Aqua is the landlord. The monthly rent is $675.00. It is a tenancy at will.

Urbano has withheld rent since July, 2005, citing what Aqua believes to be insufficient grounds for withholding any rent, much less 100% of the monthly rent.

Aqua filed a summary process action (Docket No. 05SP01651) with the Northeast Housing Court relying on a document sent by Urbano that Aqua believed to be a notice of termination of the tenancy. In that action, Urbano filed counterclaims against Aqua which were substantially the same claims Urbano made in his initial complaint pending before this Court.

The Housing Court dismissed Aqua's summary process complaint, finding that the document was not a proper notice of termination of the tenancy by Urbano and later took no action relative to Urbano's counterclaims since the parties agreed these counterclaims were stated in the action already pending in U.S. District Court. (See Exhibit A, order from the Housing Court).

On or about July 27, 2005, Aqua served Urbano with a new notice to quit for non-payment of rent for July, 2005. Urbano also failed to pay rent/use and occupancy for

August, 2005, and Aqua filed a complaint for summary process against Urbano in the Northeast Housing Court.

Urbano moved to dismiss and/or remove this summary process case to the Federal court. The Northeast Housing Court stayed that proceeding pending the outcome of this case, based upon the fact that the counterclaims were substantially similar to Urbano's claims pending before this Court. Aqua requested that the Housing Court instruct Urbano to escrow rent pending resolution of the instant case pending before this Court. The Housing Court suggested that Aqua request an order from the U.S. District Court instructing Urbano to escrow rent pending the outcome of this action. Urbano has not offered any defense that would entitle him to withhold his rent. Based upon the unmeritorious claims of Urbano relative to withholding rent, there is a substantial likelihood that Aqua will prevail on the merits of its counterclaim for rent owed from the Plaintiff and Aqua requests an order from this Court instructing Urbano to escrow rent by paying it each month to the clerk or to Aqua's attorney's IOLTA account until this case is resolved.

## THERE IS A SIGNIFICANT RISK OF IRREPARABLE HARM

Plaintiff has not paid rent for his use of the premises owned by the Defendant since July of 2005. Defendant has thus been deprived of rental income necessary to pay for the expenses of the property. The Defendant filed a complaint for summary process against the Plaintiff in the Massachusetts Northeast Housing Court. That Court has stayed the Defendant's summary process action because this current action is pending in this Court. The Massachusetts Housing Court refused to honor Aqua's request that the Plaintiff escrow existing or future rental/use and occupancy payments. Thus, Defendant

has no legal remedy in the state courts to recover his future lost rent/use and occupancy payments until this case is resolved. In the meantime, the Defendant is being deprived of his rental income from the property and cannot mitigate its damages, which is causing it irreparable harm. The Massachusetts legislature has recognized that "[r]eal estate constitutes unique property and that because it generates income, time lost in regaining it from a party in illegal possession can represent an irreplaceable loss to the owner." Uniform Summary Process Rules 1 comment, 2(c), 3, 5. Aqua faces financial hardship from its inability to collect rent for the premises from which it may not be able to recover. See, e.g., Lindsey v. Normet, 405 U.S. 56, 72 (1972)("Many expenses of the landlord continue to accrue whether a tenant pays his rent or not. Speedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss").

## THE BALANCE OF THE EQUITIES FAVORS THE MOVING PARTY

Aqua has no legal remedy in the state courts to recover its future lost rent until this case is resolved. In the meantime, the Defendant is being deprived of its rental income from the property and cannot mitigate his damages, which is unfair. The Defendant faces financial hardship from the Plaintiff's failure to pay rent.

In contrast, the Plaintiff is able to live in the Defendant's premises rent-free during the course of this action. The Plaintiff will be greatly unjustly enriched to the detriment of the Defendant by being allowed to live rent-free for several months, while the Defendant is without the supplemental income needed to maintain the premises. Clearly, the balance of the equities favors the Defendant who continues to suffer without the ability to collect rent for the premises.

## GRANTING THE INJUNCTION WILL NOT NEGATIVELY AFFECT THE PUBLIC INTEREST

The public interest is best served if landlords are allowed to collect rents from tenants when there is no justification for the tenants to withhold rent. Tenants should not be allowed to use the withholding statute as a sword against the landlord to obtain rent-free premises. The law giving tenants the right to withhold rent allows withholding only as a defense or counterclaim to an eviction case, not as a means of evading rent. See M.G.L. c. 239,§8A. Even when tenants are justified in withholding rents, they are required to continue making payments equal to the fair rental value of the premises with the alleged defects. Id. Once the landlord has made the repairs, the tenants must resume paying rent. Id. The Massachusetts legislature, then, has determined that the public interest is best served by allowing the landlord to continue to receive the fair rental value of the property while the tenant complains of defects. Requiring the Plaintiff in the case at bar to continue to pay rent in escrow is consistent with this public interest.

## REQUEST FOR ORAL ARGUMENT

Defendant requests a hearing on this motion.

WHEREFORE, the Defendant, Aqua Investments, LLC, respectfully requests this Honorable Court to issue a preliminary injunction ordering the Plaintiff, Robert F. Urbano, to pay in escrow $2025 for July-September, 2005 and $675 per month in the future to the Court Clerk or to Plaintiff's attorney's IOLTA account to be held in escrow during the course of this action, and for whatever other relief this Court deems just.

Respectfully submitted,

*[signature]*

Todd J. Bennett, Esq.
Attorney for Aqua Investments, LLC
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite 1
Wilmington, MA 01887
(978) 988-1544
BBO# 643185

Dated: September 8, 2005

### Certificate of Service

I hereby certify that a true copy of the above document has been served this date by U.S. mail on this 9th day of September, 2005, upon the following party:

Robert F. Urbano, Pro Se
8 Flume Road, Unit 8
Gloucester, MA 01930

*[signature]*

Todd J. Bennett, Esq.