```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

ROBERT F. URBANO,              )
    Plaintiff,                 )
                               )
    v.                         )   C.A. No. 05-11480-LTS
                               )
AQUA INVESTMENTS, LLC and ITS  )
PRINCIPALS,                    )
    Defendants.                )

### MEMORANDUM AND ORDER RE: APPOINTMENT OF COUNSEL

For the reasons stated below, plaintiff is granted seven (7) days from the date of this Memorandum and Order to advise the Court whether he will accept representation by pro bono counsel, and if so, to file an Application to Proceed Without Prepayment of Fees.

### DISCUSSION

Plaintiff Robert Urbano brings this pro se action against Aqua Investments and Its Principals for violations of state and federal law including the Residential Lead-Based Paint Hazard Reduction Act of 1992 ("RLPHRA" or the "Act"), 42 U.S.C. § 4852d. Plaintiff contends that on April 3, 2005, he occupied an apartment owned by defendant and discovered multiple nuisance conditions. Plaintiff subsequently filed a complaint in the Commonwealth's Northeast Housing Court and defendant removed to this Court and filed an answer and counterclaims. See Docket.

Although plaintiff has not sought appointment of counsel, the Court finds that this action warrants the appointment of pro bono counsel to represent plaintiff. The Court recognizes that

appearances in federal court are governed by 28 U.S.C. § 1654,[1] and that non-attorneys are free to represent themselves in a lawsuit.  See Local Rule 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf.").

In civil cases, appointment of counsel is discretionary pursuant to 28 U.S.C. § 1915(e)(1).  See Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986).  Under Section 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel.  However, it is not apparent from the pleadings whether plaintiff is unable to afford counsel and, more importantly, whether he would accept representation by counsel.

Accordingly, it is hereby ORDERED that plaintiff is granted seven (7) days from the date of this Memorandum and Order to advise the Court whether he will accept representation by pro bono counsel, and if so, to file an Application to Proceed Without Prepayment of Fees.  The clerk shall mail an Application to Proceed Without Prepayment of Fees to plaintiff with a copy of this Memorandum and Order.

SO ORDERED.

October 11, 2005                /s/ Leo Sorokin
DATE                            UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1654 states in pertinent part that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.