**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ROBERT F. URBANO,** | |
| **Plaintiff,** | **CIVIL ACTION DOCKET** |
| **v.** | **No. 05-CV-11480 LTS** |
| **AQUA INVESTMENTS, LLC,** | |
| **Defendant.** | |

**PLAINTIFF ROBERT F. URBANO'S OPPOSITION TO DEFENDANT AQUA
INVESTMENTS, LLC'S MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff Robert F. Urbano (hereinafter "Mr. Urbano") hereby opposes Defendant Aqua

Investments, LLC's (hereinafter "Defendant") Motion for a Preliminary Injunction to Order

Plaintiff to Escrow Rent (the "Motion"). As grounds for this opposition, Mr. Urbano states that,

because the Defendant seeks only monetary damages in the instant case, Defendant's request for

equitable relief is not appropriate. Moreover, as set forth below, Defendant cannot establish any

of the requisite elements for injunctive relief.

**Factual and Procedural Background**

Mr. Urbano leased an apartment in Gloucester, Massachusetts from Defendant beginning

in April 2005. Defendant failed to cure numerous defects in the apartment, despite repeated

requests by Mr. Urbano. Thereafter Mr. Urbano initiated this action against Defendant for

violations of Federal and Massachusetts law by filing a complaint in the Northeast Housing

Court on or about June 27, 2005. In July 2005, Mr. Urbano began withholding rent because of

the defects. On or about July 11, 2005, Defendant removed the action to this Court. After

removing the action, Defendant returned to the Northeast Housing Court and initiated a separate

summary process action against Mr. Urbano for non-payment of rent. That action was dismissed for failure to provide notice to quit. Defendant again attempted to evict Mr. Urbano by serving him with a notice to quit on or about July 27, 2005. The Northeast Housing Court stayed that action, pending the resolution of the instant case. On or about September 8, 2005, Defendant moved for a preliminary injunction in this Court ordering Mr. Urbano to escrow rent. *Pro bono* counsel was appointed for Mr. Urbano on November 11, 2005.

**Argument**

In seeking a preliminary injunction, Defendant has the burden of establishing: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the balance of hardships tips in its favor; and (4) that granting the injunction will not negatively affect the public interest. *Ross-Simmons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996); *Weaver v. Henderson*, 984 F.2d 11, 12 & n.3 (1st Cir. 1993); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). As an initial matter, it is worth noting that equitable relief is not an appropriate remedy here, because Defendant has not shown that anything more than monetary damages is necessary to remedy the alleged harm. Moreover, without citing to any authority whatsoever, Defendant claims that escrowing rent constitutes an equitable remedy. Further, as set forth below, Defendant has failed to meet its burden in seeking a preliminary injunction. Accordingly, the Motion should be denied.

**I.    Defendant Has Not Established that it Has a Substantial Likelihood of Success on the Merits.**

Mr. Urbano has withheld rent from Defendant since July 2005 because of numerous defects in the apartment which Defendant has not remedied. Under Massachusetts law, tenants may withhold rent for breach of warranty, breach of a material provision of the rental agreement,

or for violations of any other law.  M.G.L. c. 239, § 8A.  Mr. Urbano has alleged violations of

the Federal and Massachusetts Lead Paint Notification Laws, breaches of the implied warranty of

habitability and the covenant of quiet enjoyment, and violations of the Massachusetts consumer

protection statute, M.G.L. c. 93A.  Because Mr. Urbano has asserted these claims, he is within

his rights to withhold rent.

Additionally, the fact that a tenant withheld rent is available to the tenant as a defense or

counterclaim in an eviction action.  M.G.L. c. 239, § 8A.  In this case, Defendant sought to evict

Mr. Urbano and the Northeast Housing Court refused to consider the action until the instant case

was resolved.  Defendant now seeks a preliminary injunction because it has not been able to

evict Mr. Urbano in the Northeast Housing Court.  As a result, Mr. Urbano may avail himself of

the defense of withholding rent.

Defendant fails to demonstrate that Mr. Urbano is not justified in withholding rent or to

address the merits of his claims.  While Defendant argues that Mr. Urbano had to continue to pay

the fair rental value of the premises, it fails to demonstrate that it has a substantial likelihood of

succeeding in its claim for all unpaid rent.  Thus, Defendant fails to show substantial likelihood

of success on the merits.

## II.    Defendant Has Not Established a Significant Risk of Irreparable Harm If the Preliminary Injunction is not Granted.

To establish irreparable harm, Defendant must show that traditional legal remedies are

inadequate.  "[I]f money damages will fully alleviate harm, then the harm cannot be said to be

irreparable."  *K-Mart v. Oriental Plaza, Inc.*, 875 F.2d 907, 917 (1st Cir. 1989).  Furthermore,

Defendant needs to make a showing of substance; tenuous or overly speculative forecasts are

insufficient.  *Ross-Simmons*, 102 F.3d at 19 (citing *Narragansett Indian Tribe*, 934 F.2d at 6-7;

*Public Serv. Co. v. Town of W. Newbury*, 835 F.2d 380, 383 (1st Cir. 1987)).  Defendant fails to

demonstrate that the alleged harm is irreparable.

In this action, monetary damages for unpaid rent will suffice as a remedy.  Defendant's

argument in support of its motion does not assert any injury requiring more than monetary relief.

As Mr. Urbano is withholding rent because of defects in the apartment and Defendant's violation

of the Lead Paint Notification Laws, the amount of rent which may ultimately be due to

Defendant is in dispute.  Thus, any monetary damages that the Court may eventually award

Defendant at the end of litigation are the appropriate remedy for the harm Defendant alleges.

There has been no showing that any relief other than monetary damages is warranted.  As a

result, Defendant fails to show that equitable relief is necessary in this matter.[1]

### III.     Defendant Has Not Established that the Balance of Hardships Tips in its Favor.

Because a preliminary injunction is an equitable remedy, the movant must demonstrate

that the balance of hardships tips in its favor.  *K-Mart*, 875 F.2d at 914-915.  Defendant has

failed to make such a showing.

Defendant argues that it has no legal remedy in Massachusetts state court to recover its

future lost rent until the instant case is resolved.  However, this is a fact of its own making; the

defendant chose to remove the case to Federal Court.  Had Defendant left this matter in the

Housing Court, it could have availed itself of the procedures available therein to recover rent.

---

[1] Defendant also fails to prove irreparable harm in two other respects.  First, Defendant simply alleges that as a result of Mr. Urbano withholding rent it has been unable to mitigate its damages.  Defendant does not specify what these damages are or how it has been unable to mitigate them.  Specifically, Defendant fails to show that it has suffered harm which money damages could not remedy.  This is not a sufficient showing of irreparable harm.  Second, Defendant seeks an injunction ordering Mr. Urbano to pay rent into escrow.  Thus, the monies Defendant seeks would not be available to it until the case has been resolved.  Any injuries Defendant alleges it suffers as a result of not receiving Mr. Urbano's monthly rent payments would not be remedied by the granting of an injunction.  As a result, the harm Defendant alleges it would suffer without the injunction will still result if the Court grants the injunction.  Thus, Defendant has not established a significant risk of irreparable harm if the injunction is not granted.

Where, as here, the allegedly inequitable circumstances are caused by the Defendant, an equitable remedy is not appropriate.[2]

In addition, Defendant is not entitled to equitable relief because of its own unclean hands. *Amerada Hess Corp. v. Garabedian*, 416 Mass. 149, 156 (1993) (moving party not entitled to equitable relief because of its own unclean hands). One of Mr. Urbano's claims against Defendant is for retaliatory eviction as a result of Defendant's attempts to evict Mr. Urbano shortly after he filed suit and reported violations to the Gloucester Health Department. As a result of its own unclean hands, Defendant is not entitled to equitable relief.

## IV.    Defendant Has Not Established that Granting the Preliminary Injunction Will Not Negatively Affect the Public Interest.

Defendant alleges that granting an injunction will serve the public interest by allowing landlords to collect rents from their tenants. Procedures are available in the Housing Court by which landlords and tenants may resolve disputes over defects in rental property and the fair rental value of the premises in light of such defects. However, as set forth above Defendant chose to leave Housing Court, where it might have recovered rent had its claims proved meritorious. The public interest is not served by permitting a party to choose one forum over another and then insist on being afforded the benefits of the forum it chose to leave. Thus, Defendant has not shown that a preliminary injunction in this instance favors the public interest.

WHEREFORE, for the reasons stated above, Mr. Urbano respectfully requests that this Court deny Defendant's Motion for a Preliminary Injunction.

---

[2] Defendant asserts that Mr. Urbano is unjustly enriched by living rent-free in the apartment during the pendency of this action. Mr. Urbano is not living rent-free; rather, he is withholding rent because of the defects in the apartment. Additionally, Defendant's claim that the balance of the equities favors it because it is without the supplemental income, namely the rent it alleges Mr. Urbano owes, needed to maintain the premises must fail because ordering Mr. Urbano to pay rent into escrow will not remedy the Defendant's present lack of supplemental income for maintenance of the premises.

ROBERT F. URBANO,

By his attorneys,


  /s/ Adam Weisberger
Adam Weisberger (BBO# 646844)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
tel (617) 832-1000
fax (617) 832-7000
aweisberger@foleyhoag.com

Dated:  December 5, 2005

FHBOSTON/3129890.2