UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION DOCKET #: 05-CV-11480 LTS

_____
ROBERT F. URBANO,              )
         Plaintiff             )
                               )
v.                             )
                               )     ANSWER AND COUNTERCLAIMS
AQUA INVESTMENTS,              )     OF AQUA INVESTMENTS, LLC
 LLC,                          )
         Defendant             )
_____)

## ANSWER

### INTRODUCTION

Defendant, Aqua Investments, LLC (hereinafter Defendant), generally denies all allegations set forth herein and states that no response is required.

### THE PARTIES

1. Defendant lacks sufficient knowledge to respond to the allegations in this paragraph.

2. Defendant admits that it is a limited liability company as registered with the Secretary of the Commonwealth. .

### JURISDICTION AND VENUE

3. Defendant admits the allegations contained in this paragraph.

4. Defendant admits the allegations contained in this paragraph.

### FACTUAL ALLEGATIONS

5. Defendant admits that Laura Lampas is a representative of Defendant and showed the apartment to Plaintiff. Defendant lacks sufficient knowledge to respond to the remainder of the allegations set forth in this paragraph.

6. Defendant admits Plaintiff agreed to rent the apartment and that a lease was never signed due to no fault of Defendant, but denies the remainder of this paragraph.

1

7. Defendant admits that the monthly rent was $675.00 and that $675.00 was taken as last month's rent and not a security deposit, but denies the remainder of this paragraph.

8. Defendant denies the allegations contained in this paragraph.

9. Defendant admits that any minor issues with the premises were due to the fault of Plaintiff and/or not the responsibility of Defendant and were rectified within a reasonable time period.  Defendant otherwise denies the allegations contained in this paragraph or lacks the knowledge to respond.

10. Defendant denies the allegations contained in this paragraph.

11.  Defendant denies the allegations contained in this paragraph and further states that the apartment was for use as a residential tenancy only.

12. Defendant lacks sufficient knowledge as to whether Plaintiff paid utilities and admits the remainder of this paragraph, further stating that Defendant had a lease agreement ready to be sent to Plaintiff but Plaintiff effectively refused to sign the agreement.

13.  Defendant denies the allegations contained in this paragraph.

14. Defendant admits Plaintiff was not provided with written documentation that it was possible there was lead paint in the apartment and denies there was ever any lead paint in the apartment while Plaintiff resided there.

15. Defendant is unclear as to the allegations contained in this paragraph and neither admits nor denies this paragraph.

16. Defendant denies that Plaintiff was not provided with proof that there is no lead paint in the apartment.

17. Defendant admits Plaintiff did not sign written documentation stating that it was possible there was lead paint in the apartment and denies there was ever any lead paint in the apartment while Plaintiff resided there.

18. Defendant denies that Plaintiff is entitled to any rental offset or withholding and maintains that any issues relating to habitability, quiet enjoyment or any other problems with the rental unit that were the landlord's responsibility were addressed and corrected immediately and/or within a reasonable time period.  As such, Plaintiff is not entitled to any monies from Defendant.

19. Defendant lacks sufficient knowledge as to the allegations contained in this paragraph.

20. Defendant sought to evict Plaintiff due to nonpayment of rent/use and occupancy and admits that the first attempt to evict Plaintiff was dismissed due to a defect in the notice to quit.

21. Defendant admits the allegations contained in this paragraph.

### COUNT I- VIOLATION OF 42 U.S.C. Section 4852d

22. No response required.

23. Defendant admits Plaintiff was not provided with written documentation regarding lead paint in the apartment and denies there was ever any lead paint in the apartment while Plaintiff resided there.

24. Defendant denies the allegations contained in this paragraph.

### COUNT II- VIOLATION OF M.G.L. c. 111, Section 197A

25. No response required.

26. Defendant admits Plaintiff was not provided with written documentation regarding lead paint in the apartment and denies there was ever any lead paint in the apartment while Plaintiff resided there.

27. Defendant neither admits nor denies the allegations contained in this paragraph as they call for a legal conclusion.

28. Defendant denies the allegations contained in this paragraph.

### COUNT III- VIOLATION OF M.G.L. c. 93A

29. No response required.

30. Defendant denies the allegations contained in this paragraph.

31. Defendant admits the allegations contained in this paragraph.

32. Defendant denies the allegations set forth in this complaint generally, but admits any actions it took occurred in the Commonwealth of Massachusetts.

33. Defendant denies the allegations contained in this paragraph.

34. Defendant neither admits nor denies the allegations contained in this paragraph as they call for a legal conclusion.

35. Defendant denies the allegations contained in this paragraph.

### COUNT IV- Breach of Implied Warranty of Habitability

36. No response required.

37. Defendant denies the allegations contained in this paragraph.

38. Defendant denies the allegations contained in this paragraph.

39. Defendant denies the allegations contained in this paragraph.

### COUNT V- Breach of the Covenant of Quiet Enjoyment

40. No response required.

41. Defendant denies that it had any duty to notify Plaintiff regarding the allegations contained in this paragraph.

42. Defendant denies the allegations contained in this paragraph and states that the tenancy was for residential purposes only.

43. Defendant denies the allegations contained in this paragraph.

44. Defendant denies the allegations contained in this paragraph.

45. Defendant denies the allegations contained in this paragraph.

### COUNT VI- Retaliatory Eviction

46. No response required.

47. Defendant lacks sufficient knowledge to respond to the allegations contained in this paragraph.

48. Defendant admits the allegations contained in this paragraph.

49. Defendant denies Plaintiff had any lawful right to act in accordance with the allegations contained in this paragraph.

50. Defendant denies the allegations contained in this paragraph.

51. Defendant denies the allegations contained in this paragraph.

PRAYER FOR RELIEF

Defendant respectfully requests judgment in its favor on all counts of this Complaint, together with costs and attorney's fees where and if applicable, and all other such relief as this Court deems fair and just.

**Affirmative Defenses**

First Affirmative Defense

Plaintiff failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12 (b)(6).

Second Affirmative Defense

Plaintiff's claims are barred because of unclean hands and/or bad faith.

Third Affirmative Defense

Plaintiff's claims are barred by his own breach of contract.

Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

Eighth Affirmative Defense

Plaintiff's claims are barred because of the doctrine of Res Judicata.

Ninth Affirmative Defense

Plaintiff failed to mitigate his damages.

Tenth Affirmative Defense

If Plaintiff did suffer any damages, said damages were caused by a party other than the Defendant.

Eleventh Affirmative Defense

Plaintiff's claims are frivolous and/or malicious in violation of M.G.L. c.231, 6F

Twelfth Affirmative Defense

Plaintiff is prohibited from recovering monies because of a release and/or an accord and satisfaction.

Thirteenth Affirmative Defense

Any defects in the premises were open and obvious

Fourteenth Affirmative Defense

Plaintiff failed to comply with the requirements of M.G.L. c.93A

Fifteenth Affirmative Defense

Plaintiff's actions were illegal, including but not limited to, violations of state and/or local ordinances by using the leased premises for commercial purposes.

Sixteenth Affirmative Defense

The alleged injuries of the Plaintiff were caused or contributed to by the negligence of the Plaintiff, and such negligence was greater than the total amount of negligence attributable to the Defendant.

## COUNTERCLAIMS

## COUNT I-BREACH OF CONTRACT

1. Aqua Investments, LLC (Aqua) is a domestic Massachusetts corporation with a principal place of business at 27 Water Street, Wakefield, MA 01880.

2. Robert Urbano (Urbano) is an individual occupying the premises located at 8 Flume Road, Unit #8, Gloucester/Magnolia, MA.

3. Aqua is Urbano's landlord.

4. Urbano moved into the leased premises, 8 Flume Road, Unit #8, Gloucester/Magnolia, MA in April, 2005.

5. Urbano agreed to pay $675.00 per month to rent the leased premises.

6. Urbano has failed to pay rent/use and occupancy since July, 2005.

7. Aqua has been damaged and continues to be damaged for each month Urbano fails to pay rent/use and occupancy.

### COUNT II- QUANTUM MERUIT/UNJUST ENRICHMENT

8. Aqua realleges and restates paragraphs 1-7.

9. Urbano has been unjustly enriched by living in the leased premises without paying rent/use and occupancy.

10. Urbano had a reasonable expectation to pay Aqua $675.00 since July, 2005 rent/use and occupancy.

11. Urbano has failed to pay Aqua $675.00 and Aqua has been damaged and is being damaged on a continuous basis.

WHEREFORE, Plaintiff, Aqua Investments, LLC, requests the following relief:

1. Judgment against Robert Urbano in the amount of $4,050.00 (through December, 2005), and rent/use and occupancy on an ongoing basis from month to month;
2. That this Honorable Court order Urbano to pay rent/use and occupancy for all monies owed to date and/or up until judgment against Urbano; and
3. interest, costs, and all other relief as this Court deems fair and just

Respectfully submitted,

\_\_\_/s/ Todd J. Bennett\_
Todd J. Bennett, Esq.
Attorney for Aqua Investments, LLC
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite 1
Wilmington, MA 01887
(978) 988-1544
BBO# 643185

Dated: December 14, 2005

**Certificate of Service**

I hereby certify that a true copy of the above document has been served this date by U.S. mail on this 14th day of December, 2005, upon the following party:

Katherine Schmeckpeper, Esq.
Foley Hoag, LLP
Seaport World Trade Center West
155 Seaport Blvd
Boston, MA 02210
(617) 832-1000

/s/ Todd J. Bennett